# CASES ARGUED AND DECIDED

### IN THE

# SUPREME COURT OF MISSISSIPPI

### AT THE

## OCTOBER TERM, 1881.

---

### James Fossett *v.* James Wilson.

1. **Illegal Arrest.** *Rafting. Levee lands.*
   An affidavit which alleges that a person cut and floated away timber from a bayou belonging to the levee board charges no crime, and a warrant for his arrest and seizure of the property is void.

2. **Same.** *Compromise of prosecution. Duress.*
   Such person can recover, upon the ground of duress, money which he paid the informer to procure the release of himself and the timber, although the parties would be *in pari delicto* if the affidavit charged a crime.

APPEAL from the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

The appellant made an affidavit before a justice of the peace on April 13, 1880, charging that the appellee, during that month, " did cut and float away a lot of timber from Davis Bayou belonging to the levee board." A warrant was issued, under which a special deputy sheriff arrested the appellee and seized the timber. Another person negotiated a compromise. Five hundred dollars was paid by the appellee to the deputy, who then released the prisoner and his raft, and giving the appellant, as informer, half the money, delivered the remainder to the sheriff. The appellee sued, and, over the appellant's plea of *non assumpsit*, obtained a verdict.

*W. R. Spears*, for the appellant.

Money paid upon an illegal contract, which remains executory, can, in some instances, be recovered back. *Morgan* v. *Groff*, 4 Barb. 524; *Utica Ins. Co.* v. *Kip*, 8 Cowen, 20; *Merritt* v. *Millard*, 4 Keyes, 208; *White* v. *Franklin Bank*, 22 Pick. 181; *Lowell* v. *Boston & Lowell Railroad Co.*, 23 Pick. 24; *Thomas* v. *Richmond*, 12 Wall. 349. But this money cannot be reclaimed, because the parties are *in pari delicto* in a contract which was prohibited and is consummated. *Block* v. *McMurry*, 56 Miss. 217; *Taylor* v. *Bowers*, 1 Q. B. D. 291; *Lowry* v. *Bourdieu*, 2 Dougl. 468; *Tappenden* v. *Randall*, 2 B. & P. 467; *Hastelow* v. *Jackson*, 8 B. & C. 221; *Bone* v. *Ekless*, 5 H. & N. 925: *Lacaussade* v. *White*, 7 T. R. 535; *Cotton* v. *Thurland*, 5 T. R. 405; *Smith* v. *Bickmore*, 4 Taunt. 474; *Munt* v. *Stokes*, 4 T. R. 561; 2 Comyn on Contracts, 109; 2 Parsons on Contracts, 746; 3 Addison on Contracts, § 1412; 2 Story on Contracts, § 611; 2 Greenl. Evid., § 111.

*Miller & Hirsh*, for the appellee.

The appellee, who, when in a state of duress, and imprisoned under an illegal charge, uselessly paid for the release of his property and himself, can recover, notwithstanding the maxim *in pari delicto potior est conditio possidentis*, because the money was extorted by a person with whom he was not on equality. *Smith* v. *Cuff*, 6 M. & S. 160; *Horton* v. *Riley*, 11 M. & W. 492; *White* v. *Franklin Bank*, 22 Pick. 181; *Baker* v. *Morton*, 12 Wall. 150; *McWilliams* v. *Phillips*, 51 Miss. 196; *Worcester* v. *Eaton*, 11 Mass. 368; Chitty on Contracts, 971; 1 Bac. Abr. 444; 2 Kent Com. 453.

COOPER, J., delivered the opinion of the court.

The plaintiff in the court below was entitled to recover, because the payment made by him to procure the release of himself and his property was made under duress. If the warrant under which he had been arrested and his property seized, had been issued on an affidavit charging him with an offence against the criminal laws of the State, the payment made by him to procure his discharge would have been against public policy, and he would have been *in pari delicto* with the defendant; but the affidavit upon which the warrant was issued did

not charge him with any offence known to the law, and the warrant was wrongfully issued.   The defendant interposes to the demand of the plaintiff no defence except that the money was paid in violation of law to procure the plaintiff's discharge from legal arrest and his property from a legal seizure, to which the plaintiff replies that the seizure and arrest were both without lawful authority, and that the payment was in fact made by him to procure his discharge from an unlawful arrest, and his property from unlawful seizure.   The evidence supports the plaintiff's declaration, and the verdict was correct. *Richardson* v. *Duncan,* 3 N. H. 508; *Severance* v. *Kimball,* 8 N. H. 386; *Fisher* v. *Shattuck,* 17 Pick. 252.

*Judgment affirmed.*